**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **CALVIN DEAN LUCK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. _____** |
| **vs.** | § | |
| | § | |
| **GILBERT SEGURA and** | § | |
| **GENERAL MOTORS LLC,** | § | |
| | § | **JURY** |
| **Defendants.** | § | |

<u>**DEFENDANT GENERAL MOTORS LLC'S NOTICE OF REMOVAL**</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1332, 1441, and 1446, General Motors LLC ("GM LLC"), in the cause styled "*Calvin Dean Luck v. Gilbert Segura and General Motors LLC,*" originally pending as Cause No. 13412 in the 31st Judicial District Court of Wheeler County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Amarillo Division.  In support of this Notice of Removal, GM LLC alleges and states as follows:

**I.**
<u>**BACKGROUND**</u>

This product liability lawsuit arises out of a motor vehicle accident that allegedly occurred on July 29, 2016.[1]  Plaintiff Calvin Dean Luck ("Luck" or "Plaintiff") was driving a 2011 Chevrolet Silverado ("Silverado") on U.S. Route 83 in Wheeler County, Texas when, according to Plaintiff's Second Amended Petition, Alan Michael Segura, Jr. ("Segura, Jr.") rear-ended Plaintiff's vehicle while the Silverado was stopped in a construction zone.[2]  The first collision caused Plaintiff's Silverado to subsequently rear-end a cattle trailer that was stopped directly in

---

[1] *See* Pl.'s Second Am. Pet. Sec. V.
[2] *See id.*

front of Plaintiff.[3] Plaintiff claims that he suffered serious and debilitating injuries as a result of the accident.[4]

On October 5, 2016, Plaintiff filed his original action in the 31st Judicial District Court of Wheeler County, Texas, naming Segura, Jr. and Jared Clay Patterson ("Patterson") as defendants.[5] Plaintiff asserted negligence claims against Segura, Jr. and negligent entrustment claim against Patterson.[6] On December 1, 2016, Plaintiff filed his First Amended Original Petition, in which he named Gilbert Segura ("Segura") as an additional defendant.[7] Plaintiff asserted an additional negligent entrustment claim against Segura.[8] Finally, on July 20, 2017, Plaintiff filed his Second Amended Original Petition, in which he named GM LLC as an additional defendant.[9] Plaintiff asserts strict liability claims for defective design, manufacture, and marketing against GM LLC.[10]

GM LLC is the only remaining properly named defendant in this matter. Following Plaintiff's settlement with Segura, Jr., the Wheeler County District Court entered an Agreed Order of Dismissal with Prejudice as to Defendant Alan Michael Segura, Jr. Only on August 3, 2017.[11] Following Plaintiff's settlement with Patterson, the district court entered an Agreed Order of Dismissal with Prejudice as to Patterson on August 25, 2017.[12] Segura, the other named defendant, died on March 7, 2017, and a copy of his Certificate of Death is attached hereto as Exhibit A.

## II.
## BASIS OF REMOVAL: DIVERSITY JURISDICTION

This case is removable to this Court under 28 U.S.C. § 1441 because the Court has

---

[3] *See id.*
[4] *See id.*
[5] *See generally* Pl.'s Orig. Pet.
[6] *See id.* Sec. VI–VII.
[7] *See generally* Pl.'s Second Am. Pet.
[8] *See id.* Sec. VII.
[9] *See generally* Pl.'s Second Am. Pet.
[10] *See id.* Sec. VIII.
[11] *See generally* Segura, Jr. Order of Dismissal.
[12] *See generally* Patterson Order of Dismissal.

original jurisdiction under 28 U.S.C. § 1332(a)(3) based on diversity of citizenship and an amount-in-controversy exceeding $75,000, exclusive of interest and costs.

**A.      The amount-in-controversy requirement is satisfied.**

Pursuant to 28 U.S.C. § 1446(c)(2), if removal is sought based on diversity jurisdiction under 28 U.S.C. § 1332, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  Plaintiff "seeks monetary relief of over $100,000.00" in his Petition,[13] and thus, the amount in controversy far exceeds the $75,000 jurisdictional minimum of this Court.

**B.      Complete diversity exists as to all parties.**

There is complete diversity between Plaintiff and General Motors LLC, the only remaining properly named Defendant in this case.

Plaintiff at the time of the initial filing of this action and at the current time of the removal of this action is a citizen and resident of the State of Texas and domiciled in the State of Texas.[14]

GM LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Michigan.  Thus, GM is a citizen of the States of Delaware and Michigan for purposes of determining diversity of citizenship.[15]  As such, GM LLC is not and has not been a citizen of the State of Texas.

Plaintiff has voluntarily dismissed Segura, Jr. and Patterson, the only non-diverse, properly named co-defendants in this matter.

According to Plaintiff's Second Amended Original Petition, Gilbert Segura, the other remaining named defendant, "is a resident of Shamrock, Wheeler County, Texas, and may be served with process at 424 E. 3rd Street, Shamrock, Texas 79079-2419."[16] However, that is not

---

[13] *See* Pl.'s Second Am. Pet. Sec. II.
[14] *See id.* Sec. III.
[15] 28 U.S.C. § 1332(c)(1).
[16] *See generally* Pl.'s Second Am. Pet. Sec. III.

the case; Segura is deceased and has never appeared in this matter. As a matter of law, his death removed him as a party because "a suit cannot be maintained against a dead man."[17] The Northern District has within the last two years analyzed deceased co-defendants in the removal context and concluded that they are not proper parties because they are deceased.[18] Additionally, the Wheeler County District Court's Agreed Docket Control Order mandated a September 5, 2017 deadline to add or serve additional parties, whether by amendment or third party practice, and that deadline has now passed.[19] Consequently, complete diversity between Plaintiff and the only remaining properly named defendant, GM LLC, exists.[20]

## C.   Improper Joinder

Even if Segura were a joined party, his joinder would be improper, and thus, his citizenship must be disregarded for the purpose of analyzing whether diversity jurisdiction exists in this lawsuit.[21] A party is improperly joined when there is no reasonable basis for predicting Plaintiff will be able to establish liability against the party on the pleaded claims in state court.[22] Thus, to establish improper joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[23] Only the second basis—Plaintiff's inability to establish a cause of action against Segura—is alleged.  Removal is thus proper in this case if

---

[17] *Bevers v. Brodbeck*, 07-04-0475-CV, 2006 WL 2795347, at *1 n. 3 (Tex. App.—Amarillo Sept. 29, 2006, pet. denied) (quoting *First Nat. Bank in Dallas v. Hawn*, 392 S.W.2d 377, 379 (Tex. Civ. App.—Dallas 1965, writ ref'd n.r.e.).

[18] *Parker v. Bill Melton Trucking, Inc*, 3:15-CV-2528-G, 2015 WL 5923996, at *2 (N.D. Tex. Oct. 9, 2015) (denying plaintiff's motion to remand).

[19] *See* Agreed Docket Control Order.

[20] 28 U.S.C. § 1332(a)(1).

[21] *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 817 (5th Cir. 1993) (holding that citizenship of improperly joined party is to be disregarded for purposes of determining jurisdiction); *Burden v. Gen Dynamics Corp.*, 60 F.3d 213, 218 (5th Cir. 1995).

[22] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).

[23] *Id.*

"there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[24]

Plaintiff alleges that Patterson and Segura were both "negligent in entrusting their vehicle to Alan Michael Segura, Jr." when they knew or should have known that Segura, Jr. was an unsafe drive and that their negligence was a proximate cause of Plaintiff's damages.[25]

To make out a negligent-entrustment claim, a plaintiff generally must show each of the following: "(1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, [incompetent, or reckless,] (4) that the driver was negligent on the occasion in question and (5) that the driver's negligence proximately caused the accident."[26]

Segura did not own the vehicle, a 1997 Ford F-350, that Segura, Jr. drove at the time of the subject accident, so Plaintiff cannot show the first element of his negligent entrustment claim. A copy of the F-350's Certified Title History, showing that Jared Patterson was the vehicle's most recent title-holder, is attached hereto as Exhibit B. Plaintiff further alleges that Patterson was, along with Segura, an owner of the F-350.[27] Thus, no party disputes that Patterson owned the F-350 and that the F-350's title history demonstrates Patterson, rather than Segura, owned the F-350. Therefore, Plaintiff cannot demonstrate that Segura was the F-350's owner at the time of the subject accident.

## III.
## CONSENT

Because there are no other properly joined and served co-defendants, there is no need to obtain the consent or explain the absence of consent of improperly or improperly joined

---

[24] *Id.*
[25] *See* Pl.'s Second Am. Pet. Sec. VII.
[26] *Wright v. Weaver*, 516 Fed. Appx. 306, 309 (5th Cir. 2013) (citing *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987)).
[27] *See* Pl.'s Second Am. Pet. Sec. V.

defendants.[28]  Thus, because Segura is deceased and not a party to the case or, alternatively, improperly joined, he is not required to consent in this removal.

## IV.
## REMOVAL IS TIMELY

GM LLC timely removes this case under 28 U.S.C. § 1446(b) because this Notice of Removal comes within 30 days following Plaintiff's August 23, 2017 Joint Motion to Dismiss with Prejudice Jared Clay Patterson, the last remaining non-diverse, properly joined party. If the case stated by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."[29] Additionally, this Notice of Removal comes within one year after the October 5, 2016 commencement of Plaintiff's suit.[30] Thus, this removal is timely.

## V.
## NOTICE TO STATE COURT

Defendant would show that it has filed with the Clerk of the 31st Judicial District Court of Wheeler County, Texas, a true copy of this Notice of Removal simultaneously with the filing hereof in this Court.[31]

## VI.
## STATE COURT FILINGS

In accordance with 28 U.S.C. Section 1446(a) and Local Rule 81.1, a copy of the docket sheet in the state court action, a separately signed certificate of interested persons, and each document in this matter previously filed with the 31st Judicial District Court of Wheeler County, Texas are attached as Exhibit C-FF for the Court's reference.

## VII.

---

[28] *See id.* at 815 (requiring consent of improperly joined parties would be nonsensical).
[29] *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 388 (5th Cir. 2000) (citing 28 U.S.C. § 1446(b)).
[30] *See* 28 U.S.C. § 1446(c)(1).
[31] 28 U.S.C. § 1446(d).

### J<small>URY</small> D<small>EMAND</small>

GM LLC demanded a jury in state court. GM LLC hereby renews its demand that a jury be empaneled to try the facts of case. Based on the foregoing, General Motors LLC respectfully removes this action from the Texas District Court in and for Wheeler County to the United States District Court for the Northern District of Texas, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

*/s/ J. Karl Viehman*
**J. KARL VIEHMAN**
State Bar No. 20579390
Karl.Viehman@bowmanandbrooke.com
**RYAN S. JONES**
State Bar No. 24094343
Ryan.Jones@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
Telephone (972) 616-1700
Telecopier (972) 616-1701

**ATTORNEYS FOR GENERAL MOTORS LLC**

### CERTIFICATE OF SERVICE

On September 21, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ J. Karl Viehman*