E-Filed for Record
7/20/2017 3:10 PM
Wheeler County District Clerk , TX
By: Debbie Mclaughlin

**CAUSE NO. 13412**

| | | |
|---|---|---|
| **CALVIN DEAN LUCK,** | § | **IN THE 31st DISTRICT COURT** |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **V.** | § | **OF** |
| | § | |
| **ALAN MICHAEL SEGURA, JR.** | § | |
| **AND** | § | |
| **JARED CLAY PATTERSON,** | § | |
| | § | |
| ***Defendants.*** | § | **WHEELER COUNTY, TEXAS** |

**PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **CALVIN DEAN LUCK**, hereinafter referred to as Plaintiff, complaining of **ALAN MICHAEL SEGURA, JR., JARED CLAY PATTERSON, GILBERT SEGURA**, and **GENERAL MOTORS, LLC,** sometimes hereinafter referred to as Defendants, makes and files this his *Plaintiff's Second Amended Original Petition and Request for Disclosure,* and for cause of action would show the Court as follows:

**I.**
**DESIGNATION OF DISCOVERY CONTROL PLAN**

Plaintiff would show that discovery is intended to be conducted under Level 3 of Rule 190, Texas Rules of Civil Procedure.

**II.**
**RULE 47 CLAIM FOR RELIEF**

The damages sought are within the jurisdictional limits of this Court, and Plaintiff seeks monetary relief of over $100,000.00, including damages of any kind, penalties, costs, expenses, and pre-judgment interest. However, many elements of Plaintiff's damages and future lost earning

**EXHIBIT AA**

capacity cannot be determined with mathematical precision. The determination of many of these elements of damages is peculiarly within the province of the jury. Plaintiff does not, at this time, seek any certain amount of damages for any of these particular elements of damage, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably reimburse him.

## III.
## DESIGNATION OF PARTIES

Plaintiff is a resident of Kerrville, Kerr County, Texas.

Defendant **ALAN MICHAEL SEGURA, JR.** is a resident of Shamrock, Wheeler County, Texas. This defendant has appeared in this cause, and no further service is requested at this time.

Defendant **JARED CLAY PATTERSON** is a resident of Wellington, Collingsworth County, Texas. This defendant has appeared in this cause, and no further service is requested at this time.

Defendant **GILBERT SEGURA** is a resident of Shamrock, Wheeler County, Texas, and may be served with process at 424 E. 3rd Street, Shamrock, Texas 79079-2419.

Defendant **GENERAL MOTORS, LLC** is a foreign corporation doing business in Texas, and service of process upon this Defendant may be had by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company , 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## IV.
## JURISDICTION AND VENUE

All acts and omissions of Defendants hereinafter complained of by Plaintiff occurred within the State of Texas.

Venue is proper in Wheeler County pursuant to TEX. CIV. PRAC.& REM. CODE § 15.002(a)(1), as it is the county in which all of the events or omissions giving rise to Plaintiff's cause of action occurred. This Honorable Court has jurisdiction over all claims, causes of action, and parties herein.

## V.
## OCCURRENCE IN QUESTION

Plaintiff brings this suit to recover damages he sustained as the result of a motor vehicle collision occurring on or about July 29, 2016, on U.S. 83 in Wheeler County, Texas. On said occasion, Plaintiff **CALVIN DEAN LUCK** was stopped in a construction zone area behind a vehicle hauling cattle, as traffic waited for a pilot car to lead the vehicles through the construction zone. Defendant **ALAN MICHAEL SEGURA, JR.** was traveling on Hwy U.S. 83, towards the construction area where Plaintiff and other vehicles were stopped. Defendant **ALAN MICHAEL SEGURA, JR.** failed to obey the construction zone warning signs and failed to control his speed, causing him to rear-end Plaintiff's vehicle at a high rate of speed, which resulted in Plaintiff's vehicle slamming into the vehicle and trailer full of cattle stopped directly in front of Plaintiff's vehicle.

At all times pertinent hereto, Defendant **ALAN MICHAEL SEGURA, JR.,** with the permission and consent of Defendants **JARED CLAY PATTERSON and GILBERT SEGURA,** operated Defendants **PATTERSON'S** and **SEGURA'S** Ford flatbed vehicle in a negligent manner, and said negligence was a direct and proximate cause of the motor vehicle collision with Plaintiff **CALVIN DEAN LUCK**. Defendants **JARED CLAY PATTERSON** and **GILBERT SEGURA** engaged in negligent conduct by entrusting their vehicle to Defendant **ALAN MICHAEL SEGURA, JR**. when they either knew or should have known that **ALAN MICHAEL SEGURA,**

**JR.** was an incompetent, reckless and unsafe driver, and his said negligence was a direct and proximate cause of the motor vehicle collision with Plaintiff **CALVIN DEAN LUCK**. Further, Defendant **ALAN MICHAEL SEGURA, JR.'S** reckless driving of Defendants' vehicle resulted in harm to Plaintiff.

The vehicle Plaintiff operated was a 2011 Chevrolet Silverado (VIN # 3GCPCSE08BG301558). At the time of the collision, Plaintiff was properly seated and wearing his seat belt; however, despite being properly restrained, the vehicle failed to protect Plaintiff from impacting the steering wheel which resulted in serious and debilitating injuries.

Plaintiff would show that the motor vehicle collision was caused by the negligence and negligence per se of Defendants and resulted in severe and disabling personal injuries and damages to Plaintiff. Damages sustained by Plaintiff are well in excess of the minimum jurisdictional limits of this Court.

## VI.
## NEGLIGENT ACTS

Plaintiff alleges and will show that at the time of and immediately prior to the collision, Defendant **ALAN MICHAEL SEGURA, JR.** was guilty of acts and omissions which constitute negligence or negligence per se, and each of which was a proximate cause of the collision in question and damages resulting therefrom. Said acts of negligence include but are not necessarily limited to the following:

1. Failing to obey the warning signs posted for construction zones, in violation of TEX. TRANSP. CODE §472.022;

2. Failing to keep a proper lookout, in violation of TEX. TRANSP. CODE §545.152;

3. Failing to drive attentively, in violation of TEX. TRANSP. CODE ANN. § 545.151(a)(2);

4. Failing to control his speed, in violation of TEX. TRANSP. CODE ANN. § 545.351;

5. Failing to timely apply his brakes, in violation of TEX. TRANSP. CODE ANN. § 545.151(a)(1);

6. Failing to maintain a proper following distance, in violation of TEX. TRANSP. CODE ANN. § 545.062(a)(1);

7. Failing to properly control his vehicle, in violation of TEX. TRANSP. CODE ANN. § 545.351(b)(2); and

8. Failing to take evasive action, in violation of TEX. TRANSP. CODE ANN. § 545.351(b)(2).

Plaintiff will show that each of the above mentioned acts of negligence was the sole proximate cause, or, in the alternative, a proximate cause of the occurrence in question and Plaintiff's damages.

## VII.
## NEGLIGENT ENTRUSTMENT

Plaintiff would show that on the occasion in question Defendants **JARED CLAY PATTERSON** and **GILBERT SEGURA** were negligent in entrusting their vehicle to **ALAN MICHAEL SEGURA, JR.**, when they either knew or should have known that **ALAN MICHAEL SEGURA, JR.** was an incompetent, reckless and unsafe driver. Such negligence was the sole proximate cause, or in the alternative, a proximate cause of the occurrence in question and Plaintiff's damages.

## VIII.
## CAUSES OF ACTION AS TO DEFENDANT GENERAL MOTORS LLC

The preceding sections I through VII are incorporated herein as if recited verbatim.

It was entirely foreseeable to and well-known by Defendant General Motors LLC that accidents and incidents involving its vehicles, such as that which occurred herein, would on occasion take place during the normal and ordinary use of said vehicle. The injuries complained of occurred because the vehicle in question was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly foreseeable, collisions. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident such as that which occurred herein.

Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said vehicle in question. Defendant either knew or should have known of at least one safer alternative design which would have prevented the collision and/or the injuries complained of herein. Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because Defendant knew and/or should have known of the following, non-exhaustive list of defects:

    a.    the vehicle violated principles of crashworthiness;

    b.    the vehicle failed to timely deploy the airbag so as to prevent Plaintiff's face from slamming into the steering wheel;

    c.    the vehicle failed to provide proper protection from injury by the steering wheel;

    d.    the vehicle was not properly tested;

 e. the vehicle was not subjected to proper engineering analysis; and

f. the vehicle was defective and unreasonably dangerous.

Defendant was negligent in the design, manufacture, assembly, marketing, and/or testing of the vehicle in question. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiff's damages.

**IX.**
**DAMAGES**

As a direct and proximate result of Defendants' negligence, Plaintiff **CALVIN DEAN LUCK** has sustained damages well in excess of the minimum jurisdictional limits of this Court, which damages include but are not limited to the following:

1. Physical pain and mental anguish sustained in the past;
2. Physical pain and mental anguish that, in reasonable probability, will be sustained in the future;
3. Scarring and disfigurement;
4. Loss of earning capacity sustained in the past;
5. Loss of earning capacity that, in reasonable probability, **CALVIN DEAN LUCK** will sustain in the future;
6. Physical impairment sustained in the past;
7. Physical impairment that, in reasonable probability, will be sustained in the future;
8. Medical care expenses incurred in the past; and
9. Medical care expenses that, in reasonable probability, will be incurred in the future.

## X.
## RIGHT TO AMEND PETITION

Plaintiff reserves the right to amend this Petition after inspection, investigation and discovery have been conducted and perhaps result in the revelation of additional defects, negligence, and damages.

## XI.
## REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant **GENERAL MOTORS, LLC** disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## XII.
## PRAYER

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial Plaintiff have judgment against Defendants, jointly and severally, as follows:

1. For reimbursement of all damages sustained by Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court;

2. For reasonable and necessary attorney's fees;

3. For pre-judgment and post-judgment interest at the highest rate provided by law;

4. For costs of court; and

5. For such other and further relief to which Plaintiff may show himself to be justly entitled, at law or in equity.

Respectfully submitted,

KILLION LAW FIRM PC
P.O. Box 64670
2521 74th Street (79423)
Lubbock, Texas 79464
Telephone: (806) 748-5500
Facsimile: (806) 748-5505
E-mail: *jim@killionlaw.com*
E-mail: *samantha@killionlaw.com*

BY: /s/ Samantha Peabody Estrello
Samantha Peabody Estrello
SBN: 24056112
James L. Killion
SBN: 11409100

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Plaintiff's Second Amended Petition**, has been forwarded to attorney of record for Defendants as reflected below on the 20TH day of July, 2017:

**Via ProDocs E-Filing (*lschmidt@byrdfirm.com*)**
**and/or Via First Class Mail:**
J. Landon K. Schmidt
PETERSON, FARRIS, BYRD & PARKER
7816 Orlando Avenue
P. O. Box 65163
Lubbock, Texas 79464
**Attorneys for Defendant Jared Clay Patterson**

**Via ProDocs E-Filing (*LubbockSCfile@geico.com*)**
**and/or Via First Class Mail:**
Sharon Billingsley Shaw
Law Office of Sharon Billingsley Shaw
3223 South Loop 289, Suite 416
Lubbock, Texas 79423
**Attorneys for Defendant Alan Michael Segura, Jr.**

/s/ Samantha Peabody Estrello
Samantha Peabody Estrello

KEN HERZOG
5708 - 90th Street
Lubbock, Texas 79424

CERTIFIED MAIL
7005 1160 0000 1100 3023
RETURN RECEIPT REQUESTED
U.S. POSTAGE PAID
LUBBOCK, TX
79464
JUL 24, 17
AMOUNT
$7.50
R2304E105184-07
1000
78701
UNITED STATES POSTAL SERVICE
Austin PDC
THU 27 JUL 2017

GENERAL MOTORS, LLC

Corporation Service Company d/b/a/
CSC-Lawyers Incorporating Service
Company
211 East 7th Street, Suite 620
Austin, TX 78701-3218