IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| CALVIN DEAN LUCK | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL CASE NO. 2:17-CV-189-J |
| GILBERT SEGURA and | § | |
| GENERAL MOTORS LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING REMAND

Before the Court are *Plaintiff's Motion to Remand and Brief in Support*, Document 5, Defendant General Motors LLC's (GM) response, Document 7, and Plaintiff's Reply, Document 11. For the following reasons, Plaintiff's motion for a remand is granted.

## Basis of Removal

In its notice of removal Defendant General Motors alleged this case was removable under 28 U.S.C. § 1441, asserting the Court has original jurisdiction under 28 U.S.C. § 1332(a)(3) because of a complete diversity of citizenship and the amount-in-controversy exceeded $75,000. GM further alleged that Defendant Gilbert Segura was fraudulently joined in this lawsuit.

## Procedural History

On October 5, 2016 Plaintiff filed his original action in the 31st Judicial District Court of Wheeler County, Texas naming Alan Michael Segura, Jr. and Jared Clay Patterson as Defendants. On December 1, 2016, Plaintiff filed his First Amended Original Petition adding Defendant Gilbert Segura, now deceased, and asserting a negligent entrustment action against Gilbert Segura. On July 20, 2017, Plaintiff filed his Second Amended Original Petition which

1

named GM as an additional defendant, asserting a products liability claim against his car's manufacturer, GM. Gilbert Segura never appeared in this proceeding; he died on March 7, 2017. Following agreed dismissals of defendants Jared Clay Patterson and Alan Michael Segura, Jr., GM timely filed a notice of removal under diversity jurisdiction, alleging improper joinder of co-defendant Gilbert Segura.

## Facts

On July 29, 2016 in Wheeler County, Texas, while traveling on U.S. 83, Plaintiff was stopped immediately behind a vehicle hauling cattle, awaiting a pilot car to lead traffic safely through a construction zone. Alan Michael Segura, Jr., while approaching the construction zone on U.S. 83, allegedly failed to control his speed and rear-ended Plaintiff's vehicle. Plaintiff alleges that the force of the collision propelled Plaintiff into the cattle-hauling vehicle which was stopped immediately in front of Plaintiff vehicle. Alan Michael Segura, Jr. was driving a Ford flatbed truck with two different license plates and two different title chains, facts which are absent from Defendant GM's pleadings. Plaintiff Calvin Dean Luck was driving a Chevrolet Silverado pickup manufactured by GM.

## Removal Standards

Federal district courts have jurisdiction over civil actions between "citizens of different States" where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Diversity actions are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b). "Removal statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). When an amended complaint filed after removal destroys diversity, "leave of court is required even where the existing defendant has not

filed responsive pleadings." *Wein v. Liberty Lloyds of Texas Ins. Co.*, A-15-CA-19-SS, 2015 WL 1275915, 4 (W.D. Tex. Mar. 19, 2015).

The Court has granted Plaintiff leave to add a non-diverse party to the suit. Plaintiff has now added as a party defendant Johannah Joy Segura, who is the heir of the deceased former defendant Gilbert Segura. Johannah Joy Segura is a citizen of Texas. Plaintiff is also a citizen of Texas. Thus, the Court is divested of jurisdiction due to Plaintiff's addition of a non-diverse party. As such, the case must be remanded. However, because Defendant GM alleges fraudulent joinder, the Court will address that issue.

## **Improper Joinder Standards**

The test for improper joinder is whether the Defendant has demonstrated that there is no possibility of recovery by the Plaintiff against an in-state defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The Fifth Circuit reiterated that to prove improper joinder the defendant must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* The Fifth Circuit has stated that "the burden of demonstrating fraudulent joinder is a heavy one," but "the mere hypothetical possibility that such an [viable] action could exist" is insufficient. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). Instead, determining whether the plaintiff has "stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery." *Id.* In reviewing the facts before the Court and ruling on the issue of improper joinder, the Court is to "resolve all uncertainties in favor of the nonremoving party." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995).

## Improper Joinder Analysis

GM alleges that co-defendant Gilbert Segura, and now his heir, were improperly joined in this suit because the Plaintiff cannot prevail on his claim that Gilbert Segura negligently entrusted his Ford auto to his son, who caused the accident in which the Plaintiff was injured. To make out a negligent-entrustment claim, Plaintiff must prove each of the following elements: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed; (4) that the driver was negligent on the occasion in question and (5) that the driver's negligence proximately caused the accident." *Wright v. Weaver*, 516 Fed. Appx. 306, 309 (5th Cir. 2013) (citing *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987)). Defendant GM assets that Plaintiff can not establish the first element because Gilbert Segura was not the owner of the Ford truck.

On the issue of whether Plaintiff can prove the vehicle was entrusted *by the owner,* GM points to a chain of title that, upon first review, seems to show that a man named Jared Patterson owned at least part of the vehicle at the time of the collision. GM argues that Patterson's ownership wholly defeats Plaintiff's claim for negligent entrustment, therefore Defendant Segura is improperly joined in this suit. However, GM fails to inform the Court that the Ford vehicle Alan Michael Segura was driving when he rear-ended the Plaintiff had two different license plates and two different chains of title; one for the front of the vehicle and one for the back.

The front bumper's license plate was Z1B356, which title traces back to a 1977 Ford F-100 previously owned by Verne Barton. The rear license plate was 1FC505, which traces back to a 1997 Ford F-350 once owned by Jared Patterson. Plaintiff's exhibits F-1, G-1, and H detail the origins of the truck in question. The truck driven by Alan Michael Segura was a marriage of two different trucks, originating from trucks once owned by Verne Barton and Jared Patterson.

GM's argument does not address, or acknowledge, the vehicle's chain of title from Verne Barton.

Plaintiff's exhibits F-1, G-1, and H as well as Alan Michael Segura's sworn deposition testimony is evidence that Gilbert Segura owned the entire Ford vehicle at the time of the accident. Plaintiff has therefore shown more than a mere hypothetical possibility that a claim of negligent entrustment is viable in this case. Plaintiff has presented admissible evidence that Alan Michael Segura Jr.'s father, Gilbert Segura, now deceased, owned the entire vehicle in question at the time of the accident. Plaintiff has provided the Court with admissible exhibits detailing a true and accurate title history of the whole vehicle in question, not simply the back half of the vehicle which Defendant GM wishes the Court to solely focus upon. There is sufficient evidence of ownership to conclude there exists a reasonable basis for a court to predict that Plaintiff might be able to recover against the named in-state party defendant.

## Conclusions

For all of the above-stated reasons, the Court finds that this case was improvidently removed and that the Court is without jurisdiction. There is no apparent prejudice to the Defendant in now remanding this case. The Court therefore grants Plaintiff's motion for a remand. In addition, the Court having granted Plaintiff's motion for leave to add the non-diverse party defendant, it is now divested of diversity jurisdiction in this case. This case is therefore REMANDED to the 31st District Court in and for Wheeler County, Texas.

IT IS SO ORDERED.

Signed this the 22nd day of December, 2017.

                                                          s/ Mary Lou Robinson
                                                        **MARY LOU ROBINSON**
                                                        **SENIOR UNITED STATES DISTRICT JUDGE**